UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOMINIQUE P. COLEMAN,

    Petitioner,

-vs-                                        Case No. 6:10-cv-136-Orl-28DAB
                                                 (Criminal Case No.: 6:08-cr-197-Orl-28KRS)

UNITED STATES OF AMERICA.

    Respondent.
_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Dominique P. Coleman. The Court held hearings on the instant motion on November 24, 2010, and December 8, 2010.

Petitioner alleges that she received ineffective assistance of counsel because 1) counsel failed to conduct an adequate pre-trial investigation, including gathering evidence regarding her diminished mental capacity, and 2) counsel failed to adequately investigate her criminal history for sentencing.

I.    *Procedural History*

Petitioner was charged by indictment with one count of possession with intent to distribute 5 or more grams of cocaine base (count one) and one count of possession with intent to distribute 50 or more grams of cocaine base (count two) (Criminal Case No. 6:08-

cr-197-Orl-28DAB, Doc. No. 1, filed August 27, 2007).[1] On October 30, 2008, Petitioner entered into a Plea Agreement in which, among other matters, she agreed to enter pleas of guilty to counts one and two of the indictment (Criminal Case Doc. No. 25, filed October 31, 2008). A plea hearing was held before United States Magistrate Judge Karla Spaulding who entered a Report and Recommendation recommending that the plea agreement and guilty pleas be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly (Criminal Case Doc. No. 31, filed October 31, 2008). The Court then entered an Acceptance of Plea of Guilty and Adjudication of Guilt in which the Report and Recommendation was accepted, affirmed and adopted; the pleas were accepted; and Petitioner was adjudicated guilty of counts one and two of the indictment (Criminal Case Doc. No. 35, filed January 20, 2009). The Court then entered a Judgment In A Criminal Case in which Petitioner was sentenced to imprisonment for a total term of 120 months (Criminal Case Doc. No. 37, filed January 26, 2009).

## II.  Analysis

Petitioner's claims center around an evaluation performed on November 15, 2008, by Dr. Jeffrey A. Danziger, a forensic psychiatrist, who opined that Petitioner was not competent to participate in the proceedings. Ostensibly, Dr. Danziger's report was provided to Petitioner's prior counsel at the time it was issued; however, Petitioner's prior counsel never advised the Court of the report or of Dr. Danziger's conclusions. The

---

[1]Hereinafter Criminal Case No. 6:08-cr-197-Orl-28DAB will be referred to as "Criminal Case."

Government does not oppose the instant motion and has filed an Amended Position Regarding Petitioner's Motion to Vacate in which it states that "the United States does not oppose the petitioner's motion to vacate her sentence, based upon prejudice caused by ineffective assistance of counsel" (Criminal Case Doc. No. 70). At the December 8, 2010, hearing, the Government reiterated that it did not oppose Petitioner's motion to vacate.

Based on the matters of record as well as the stipulations of the parties, the interests of justice are best served by granting the instant motion and by allowing the sentence to be vacated. The Court will also treat the instant motion as including a motion to withdraw the guilty plea, which is also granted.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Dominique P. Coleman (Doc. No. 1) is **GRANTED**. The Court will also treat the motion as including a motion to withdraw the guilty plea, which is **GRANTED**.

2. The a Judgment In A Criminal Case (Criminal Case Doc. No. 37, filed January 26, 2009) is **VACATED** and her guilty plea is withdrawn.

3. Petitioner shall undergo a mental competency evaluation, and she is referred to the Bureau of Prisons ("BOP") for the evaluation. The Court considers this matter to be a priority and requests that the evaluation be conducted as soon as possible. Custody of Petitioner shall remain with the BOP for the mental competency evaluation. Upon

completion of the evaluation, Petitioner shall be returned to the Orange County Jail, pending trial in this case, where she was being held on a separate matter.

3. The Clerk of the Court is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:08-cr-197-Orl-28DAB.

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 43) filed in criminal case number 6:08-cr-197-Orl-28DAB.

4. Petitioner's Motion for Reduction of Sentence (Criminal Case Doc. No. 46, filed March 24, 2010) is **DENIED** as moot.

**DONE AND ORDERED** at Orlando, Florida, this 10 day of December, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sa 12/10
Counsel of Record